UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIZABETH SIMANCAS,

                                                                       **Case No.: 14-CV-9682 (VSB)**

                      Plaintiff,

      - against -

SAMUEL RUDICK D.D.S PLLC, WEST 57TH STREET
DENTAL ASSOCIATES PLLC, and SAMUEL RUDICK,
Individually,

                     Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'
OPPOSITION AND IN FURTHER SUPPORT OF
<u>PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>**


                                                       **PHILLIPS & ASSOCIATES,
                                                       ATTORNEYS AT LAW, PLLC**
                                                       Jesse C. Rose
                                                            Of Counsel
                                                       45 Broadway, Suite  620
                                                       New York, New York 10006
                                                        (212) 596-7735
                                                       Fax: (212) 901-2107
                                                       *Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiff Elizabeth Simancas ("Simancas") submits this Memorandum of Law in reply to Defendants' opposition papers and further support of Plaintiff's Motion pursuant to 29 U.S.C. § 216(b) for an Order conditionally certifying a class of Collective Action Plaintiffs and Ordering a notice to be sent to all members of that class providing the option of joining this lawsuit. Defendants' opposition is a hodge-podge of unsupported claims and disingenuous arguments that are either unrelated to Plaintiff's motion or are not a legal basis to oppose Plaintiff's motion. Plaintiff's motion should be granted and notice should be disseminated.

## ARGUMENT

### I. Plaintiff is similarly situated to the class members

Defendants' argument that Plaintiff is not similarly situated to the class members is not founded in law. Simply because Plaintiff has additional claims relating to the barter system does not mean that she was not subject to Defendants' policy of not paying hourly employees time and a half for hours worked over forty hours. Plaintiff has clearly alleged that all hourly employees were not paid at the legal overtime rate and provided evidence in the form of an additional hourly employee subjected to the same policy. In response, rather than demonstrate that other hourly employees were not subject to this policy, Defendants have attempted to raise the standard for conditional certification to require class wide proof. Rather the law only requires a "'modest factual showing' that [she] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997)). Plaintiff has met that standard and Defendants have failed to refute it. As such, the Court should grant Plaintiff's motion and permit notice to be disseminated.

II. **Plaintiff's proposed collective action class is appropriately broad**

Defendants attempt to limit the class in two ways: to exclude non-Administrative Assistants and to limit the time period to three years from when the Court grants Plaintiff's motion. Both of these arguments should be disregarded.

The Fair Labor Standards Act does not contemplate that collective actions be limited to a single position or title but rather they should expand to include those who were subject to the illegal policies. Cohan v. Columbia Sussex Mgmt., LLC, 2013 WL 8367807, 2013 U.S. Dist. LEXIS 187539, 18-19 (E.D.N.Y. Sept. 19, 2013) (citing Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions); Malloy v. Richard Fleischman & Assocs. Inc., 2009 WL 1585979, 2009 U.S. Dist. LEXIS 51790, *3-4 (S.D.N.Y. June 3, 2009) (same). At this stage it is not important whether the class members perform the same work but only whether they are subject to the same illegal policy. Hernandez v. Immortal Rise, Inc., 2012 WL 4369746, 2012 U.S. Dist. LEXIS 136556, *17-18 (E.D.N.Y. Sept. 24, 2012).

There is no reason to limit the time period to when the conditional certification motion is granted. Courts have routinely used the date of the filing of the complaint to determine which employees should be included. See Garcia v. Spectrum of Creations, Inc., 2015 WL 2078222, 2015 U.S. Dist. LEXIS 58168 (S.D.N.Y. May 4, 2015); Wang v. H.B. Rest. Group, Inc., 2014 U.S. Dist. LEXIS 144017, 11-12 (S.D.N.Y. Oct. 7, 2014); Costello v. Kohl's Illinois, Inc., 2014 WL 4377931, 2014 U.S. Dist. LEXIS 124376 (S.D.N.Y. Sept. 4, 2014); Ouedraogo v. A-1 Int'l Courier Serv., 2013 WL 3466810, 2013 U.S. Dist. LEXIS 96091 (S.D.N.Y. July 8, 2013);

Should the Court entertain Defendants' notion that the class should be limited to when Plaintiff's motion is granted rather than from when the Complaint was filed, Plaintiff requests equitable tolling for class members who have not received notice. This is necessary to prevent creating an incentive for Defendants to delay litigation so as to exclude other class members from having claims or limit their claims. This concern is justified here given the substantial delay from filing until the motion was made due, in part, to a mediation and the Court's Order delaying the motion from being made until after mediation took place. "As 'equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs actions will be entertained at a later date.'" Robles v. Liberty Rest. Supply, 2013 U.S. Dist. LEXIS 177922, 2013 WL 6684954 (E.D.N.Y. Dec. 18, 2013) (quoting Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012)) [internal quotation omitted]. This would also support the "broadly remedial purpose" that the FLSA serves. Greathouse v. JHS Sec. Inc., 784 F.3d 105, 109 (2d Cir. N.Y. 2015) (citing Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1334 (U.S. 2011)).

Given that there is a policy change alleged by Defendants, Plaintiff will seek only certification of the class for the three years prior to the filing of the Complaint excluding the time period after April 20, 2014 provided that Defendants produce records to substantiate their claims.

### III. The Notice may be modified through agreement of the parties and submitted for the Court's approval after the motion is granted

Plaintiff does not believe that the Parties would be unable to meet a consensus as to the content of the notice. Plaintiff respectfully requests that the Court permit a two week period after the Court's decision on Plaintiff's motion to confer with opposing counsel and stipulate to the

content of the notice. If there is a dispute at the end of the two weeks then the Parties would submit a joint letter describing the disagreement and requesting a ruling.

**IV. <u>The Court should permit Plaintiff's counsel to send the notice</u>**

Defendants have not stated any reason specific to this case that would necessitate the expense of a third party to provide notice. Permitting Plaintiff's counsel to send notice and receive notice in a class of this small size minimizes counsel's burden as well as the burden on those who choose to be represented by Plaintiff's counsel.  <u>Cordova v. SCCF, Inc.</u>, 2014 WL 3512820, 2014 U.S. Dist. LEXIS 97390 (S.D.N.Y. July 16, 2014) (citing  <u>Ritz v. Mike Rory Corp.</u>, 2013 U.S. Dist. LEXIS 61634, 2013 WL 1799974, at *4-5 (E.D.N.Y. Apr. 30, 2013)). Further, allowing opt-ins to send a notice to Defendants is not reasonable and would result in a breach of the attorney-client privilege as the opt-in forms are communications with counsel by a patient.  As such, Plaintiff's counsel should be permitted to send and receive the opt-in forms.

<u>**CONCLUSION**</u>

For the reasons stated above, Plaintiff Simancas respectfully requests that this Court grant her motion for conditional certification of the Collective Action Plaintiffs class, Order that notice be disseminated and what other relief the Court deems necessary and proper.

Dated: New York, New York
   July 31, 2015

                     Respectfully submitted,

                      /s/Jesse C. Rose
                     Jesse C. Rose
                      Of Counsel
                     45 Broadway, Suite 620
                     New York, New York 10006
                     (212) 248-7431
                     Fax: (212) 901-2107